BERMAN DeVALERIO
Joseph J. Tabacco, Jr. (SBN 75484)
*jtabacco@bermandevalerio.com*
Nicole Lavallee (SBN 165755)
*nlavallee@bermandevalerio.com*
Marie G. Quashnock (SBN 153567)
*mquashnock@bermandevalerio.com*
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile:   (415) 433-6382

*Attorneys for Plaintiff The Fresno County
Employees' Retirement Association*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION,<br><br>               Plaintiff,<br><br>    vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>               Defendants. | CASE NO.:  CV-11-00811-MRP (MANx)<br><br>~~[PROPOSED]~~ **ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>Courtroom:  12<br>Judge:  Mariana R. Pfaelzer |

IT IS HEREBY ORDERED AS FOLLOWS:

1.     This Stipulation and Order Governing the Treatment of Confidential Information (the "Stipulation") shall govern the disclosure and use of Confidential Discovery Material (as defined below) and all other discovery material as applicable provided during the course of this Action by the Parties to the Action or by nonparties, either voluntarily or as required by discovery demands made pursuant to the Federal Rules of Civil Procedure.

2.     As used in this Stipulation, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association. "Producing Person" refers to any person that produces discovery material. "Receiving Person" refers to any person that receives discovery material subject to this Stipulation.

3.     This Protective Order designates as "Confidential Discovery Material" documents or discovery responses that may be produced during discovery that are designated as such by a Producing Person because they contain any of the following: confidential, sensitive, or nonpublic financial information and statements; proprietary business information, including business plans and records of internal deliberations and decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; and individual personal information that is protected from disclosure under state or federal law, including identifying personal information and personal financial information, about any Party, any employee of any Party, or any third party. It is possible that disclosure of this Confidential Discovery Material may cause harm to the Producing Persons and their employees, as well as to third parties.

4.     All documents designated as Confidential Discovery Material shall be so designated, by Bates range, in a letter accompanying their production to a Party, by stamping the media in which the documents are transmitted, or by stamping the first

page of a document "CONFIDENTIAL," "CONFIDENTIAL DISCOVERY MATERIAL," or "CONFIDENTIAL TREATMENT REQUESTED BY [and the name of the producing party]." Documents may be designated as Confidential Discovery Material at any time. Without limiting the foregoing sentence in any way, a Party may designate a document as CONFIDENTIAL after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled. Any documents designated as Confidential Discovery Material prior to entry of this Order shall be treated the same in all respects as documents designated as Confidential Discovery Material after the entry of this Order. This Order also treats as Confidential Discovery Material oral communications designated as confidential either orally (provided that such designation was recorded by a court reporter) or in writing.

5.     It is the intent of the Parties and the Court that materials will not be designated as Confidential Discovery Material for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

6.     Confidential Discovery Material also includes those portions of any notes, work papers or other work product that contain confidential information from documents designated as Confidential Discovery Material without the need for a separate confidential designation on the notes, work paper, or other work product.

7.     If discovery material is inspected at the Producing Person's choice of location, all such discovery material shall be presumed at such inspection to have been designated as Confidential Discovery Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the discovery material. Production of Confidential Discovery Material for inspection and copying shall not constitute a waiver of confidentiality.

8.     Confidential Discovery Material shall be subject to the following restrictions:

(a)     Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.

(b)     Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above.

(c)     Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

(i)     counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed or retained by such counsel who are assisting in the conduct of the Action;

(ii)    those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of the Action;

(iii)   any and all individual Defendants in this Action;

(iv)    witnesses (other than Parties) at any deposition or hearing in the Action;

(v)     such consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

(vi)    the Court, court personnel, and jurors, potential jurors or alternate jurors;

(vii)   court reporters and videographers used in connection with the conduct of this Action;

(viii)  outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

(ix)   persons who are or were authors or recipients of the Confidential Discovery Material; and

(x)   any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy a judgment.

9.   Except for Qualified Persons defined in subsections 8(vi), 8(vii), and 8(viii), each person described in subparagraph 8(c) to whom Confidential Discovery Material is disclosed shall first be advised that such Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Stipulation and that Confidential Discovery Material may not be disclosed other than pursuant to the terms hereof. Prior to disclosing Confidential Discovery Material to any person described in subparagraph 8(c)(v) above, counsel shall cause each such person to execute a Certificate in the form annexed hereto as Exhibit A. Counsel shall be responsible for retaining executed certificates.

10.   If any Receiving Person inadvertently discloses Confidential Discovery Material to persons who are not Qualified Persons, such disclosure shall be reported in writing, via overnight delivery service or email, to the Producing Person who produced such inadvertently disclosed Confidential Discovery Material within three (3) business days of the discovery of such disclosure. In that event, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent

disclosure was made to treat the Confidential Discovery Material in accordance with the terms of this Stipulation.

11.     Information or testimony disclosed at a deposition may be designated as Confidential Discovery Material by the person providing such testimony, by a Party, or by a Producing Person if such person either: (a) identifies on the record at the deposition those portions of the testimony that are designated as Confidential Discovery Material; or (b) provides written notification to all Parties within thirty (30) days of the court reporter's release of the transcript of the deposition as to those pages and lines of the transcript that are designated as Confidential Discovery Material. Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Discovery Material until thirty (30) days after the court reporter's release of the transcript of the deposition. Each page of a deposition transcript designated as Confidential shall be stamped, as set forth in paragraph 4 above, by the court reporter or by counsel. If counsel for any Party believes that a question put to a witness being examined in pretrial deposition will disclose Confidential Discovery Material, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such Confidential Discovery Material, such counsel may so notify requesting counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, parties to the Litigation, the court reporter, video operator and their assistants, and persons who have signed a receipt acknowledging the receipt of this Protective Order. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly.

12.     In the event that any person discloses Confidential Discovery Material in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing person shall conditionally file the confidential information under seal with the Clerk of this Court pursuant to Local Rule 79-5;

provided, however, that the paper shall be furnished to the Court and the attorneys for the Parties and a duplicate copy with the confidential information deleted will be placed in the public record insofar as possible. The Parties understand that designation of materials as Confidential Discovery Material does not automatically entitle the Parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the documents that contain confidential information, *see, e.g., Kamaka v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made to the judicial officer presiding over the proceedings in question. This Protective Order does not address the use of Confidential Discovery Material for use at trial. The Parties agree to meet and confer regarding use of Confidential Discovery Material in connection with trial and to raise the issue with the Court at an appropriate time.

13. No Party concedes that any discovery material designated by any other person as Confidential Discovery Material under any provision of this Stipulation in fact contains or reflects trade secrets, proprietary or confidential information, or has been properly designated as Confidential Discovery Material, and entering into this Stipulation shall not prejudice the right of a Party to seek, at any time, a determination by the Court of whether any particular document or information should be subject to the terms of this Stipulation.

14. A Receiving Person shall not be obliged to challenge the propriety of a designation of documents or other material as Confidential Discovery Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If at any time a Receiving Person objects to a Confidential Discovery Material designation under this Stipulation, the Objecting Party shall notify the Producing Person in writing. The Objecting Party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection, and shall otherwise comply with Local Civil Rule 37-1. Within ten (10) calendar days of the receipt of such written notice, the Producing Person and Objecting Party shall meet-and-confer

in an effort to resolve their differences. If the disagreement cannot be resolved, the Producing Person may apply to the Court within ten (10) calendar days for a protective order affirming the Producing Person's Confidential Discovery Material designation. The application of the Producing Person shall comply with Local Civil Rules 37-2 and 37-3, and the Producing Person shall have the burden of demonstrating that the document or material designated as Confidential Discovery Material is deserving of confidential treatment or other protection under the terms of this Stipulation. If the Producing Person does not make such an application to the Court, the documents or material to which an objection was directed will no longer be considered Confidential Discovery Material under this Stipulation. While any such application is pending, the documents or material subject to that application will remain Confidential until the Court rules.

15.    In the event that the Court determines that there is an actual or threatened breach of the agreement by a Receiving Person, the Parties agree that the Producing Person would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Protective Order, in addition to any other remedy the party may be entitled at law or in equity.

16.    If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he, she, or it is a party, or (c) receives a demand or request for documents from a legal or regulatory organization with jurisdiction over it and such subpoena, demand or request seeks Confidential Discovery Material under the Stipulation, the Receiving Person shall (unless prohibited by law or regulation) give written notice, by hand or by e-mail, within seven (7) business days of receipt of such subpoena, demand, or request for documents to all Parties, and to any Non-Party who produced or designated the discovery material as Confidential, and in no event shall produce such requested material prior to providing such notice. Any Party or Producing Person may seek a protective order or similar court-ordered relief to prevent the requested production.

Should a Party or Producing Person seek a protective order or similar court-ordered relief, then the Receiving Person shall not produce any of the Producing Person's Confidential Discovery Material, until a final decision that is no longer subject to appellate review orders such production, provided that a Party or Producing Person must file a Notice of Appeal or Motion for permission to Appeal from a lower court order not later than thirty (30) days after Notice of Entry of that order is served.  If a Party is subpoenaed or requested to produce Confidential Discovery Material by a regulatory or self-regulatory agency with jurisdiction over it, through a process which by law, regulation, interpretive letter, regulatory policy or compulsory process, requires the Party to produce requested materials without objection, notice to other parties or delay, it shall be permitted to do so notwithstanding any provisions of this Order, including the advance notice provisions, to the contrary.

17.   Absent consent from a Producing Person, no Confidential Discovery Material produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding.

18.   Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the Producing Person's option, destroy any and all copies of such document or other discovery material and shall refrain from reading or reviewing said document or discovery material beyond the extent necessary to identify it as the inadvertently produced material, or from utilizing it in any manner or form including specifically but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever. The Receiving Person shall also remove all references to such material from any attorney work product. Together with notification of inadvertent production, the Producing Person shall supply a privilege log to the Receiving Person describing said document or other discovery

material in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted. Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Person, after promptly returning or destroying the discovery material, from challenging the Producing Person's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted in camera, and (c) the challenge shall not assert as ground or basis that the Producing Person waived any privilege or protection because of the inadvertent disclosure.

19. This Stipulation shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any discovery material (whether or not designated as Confidential) in addition to the limits and protections provided herein, including, without limitation, that access or disclosure of any discovery material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

20. Other Parties and Third Parties. Other parties to this Litigation, including any additional parties that join or are joined in this Litigation, may have access to Confidential Discovery Material only by additional order of the Court or by the party's executing and filing with the Court a stipulation agreeing to be fully bound by this Protective Order. Third parties providing discovery materials in response to a subpoena may gain the benefits of this Order with respect to any documents or discovery materials they produce by executing a Certificate in the form annexed hereto as Exhibit A; by so signing, those parties will also assume all the duties and obligations required under this Order.

21.     Within thirty (30) days after the final termination of this Litigation, including any appeals, each counsel shall at the option of the disclosing party either return all Confidential Discovery Material in his possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or shall certify destruction thereof; provided, however, that counsel for a party may retain a file copy of work product created in connection with this Litigation that includes Confidential Discovery Material, but such work product shall continue to be kept confidential pursuant to this Protective Order.

22.     The Parties may jointly seek to amend or modify this Stipulation subject to Court approval.

23.     Notwithstanding any provision contained herein, nothing in this Stipulation shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

24.     Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.


Dated:  November 8, 2011

Mariana R. Pfaelzer
UNITED STATES DISTRICT JUDGE

EXHIBIT A

AGREEMENT TO BE BOUND BY STIPULATION AND ORDER

GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION

I hereby certify that I have been provided with a copy of the Stipulation and Order Governing the Treatment of Confidential Information (the "Stipulation") entered in the United States District Court for the Central District of California on _____, 2011 in the action titled *The Fresno County Employees' Ret. Assoc. v. Countrywide Fin'l Corp.*, No. CV-11-00811-MRP (MANx).

I have read the Stipulation and I agree to be bound by its terms and conditions governing the disclosure of Confidential Discovery Material (as defined in the Stipulation).

I hereby consent to the exercise of jurisdiction over me in the United States District Court for the Central District of California in connection with any proceedings relating to the Stipulation, including but not limited to any action to enforce its terms and conditions.

Print name: _____

Firm/company: _____

Signature: _____

Dated: _____